**Wiley Eugene BALKUM, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 08–99–00127–CV.

Court of Appeals of Texas, El Paso.

Aug. 10, 2000.

**264**

William B. Smith, Midland, for Appellant.

Imajean Gray, Timothy Michael Flathers, Midland, Kevin Michael Givens, Austin, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## O P I N I O N

ANN CRAWFORD McCLURE, Justice.

Wiley Eugene Balkum appeals from an order of the County Court at Law of Midland County, affirming the administrative suspension of Balkum's driver's license for a period of ninety days. We affirm.

### FACTUAL SUMMARY

During the evening hours of November 14, 1997, Officer Gary Kennedy of the Midland Police Department received a call from Detective McLane who stated that he had avoided an accident with a white Ford extended-cab truck only by taking evasive action. McLane expressed his belief that the driver might be intoxicated. At a nearby intersection, Kennedy met with McLane and Officer Rackow to discuss the situation. As they talked, the white truck turned left at the intersection and Kennedy activated his emergency lights and began following the truck. When the vehicle did not immediately stop, Kennedy activated his "quick" siren to alert the driver. The driver, subsequently identified as Balkum, eventually pulled over after being followed for approximately half a mile. Kennedy approached the truck and Balkum opened his door after the officer knocked on the glass. Kennedy immediately noticed an extremely strong odor of alcohol when Balkum opened the door. Because Balkum would not look up at Kennedy, he knelt down beside him and noticed that Balkum could not focus his eyes and that his eyes appeared quite glazed. Balkum stumbled when getting out of the vehicle and while walking to the back of the vehicle. He also had to use the vehicle for support to hold himself upright. Kennedy found a half-empty bottle of Canadian Mist whiskey in the floorboard of Balkum's truck. Due to Balkum's unsteadiness and apparent degree of intoxication, Kennedy did not require him to perform the field sobriety tests. Kennedy arrested Balkum for driving while intoxicated and transported him to the county jail where he provided him with the DWI statutory warning and requested that he submit a specimen of his breath to be analyzed by an intoxilyzer. When Balkum refused, Kennedy served him with a notice of suspension of his driver's license pursuant to the Texas Transportation Code and he filed a sworn report with the Texas Department of Public Safety (DPS) concerning Balkum's refusal to submit to the breath test. *See* Tex.Transp.Code Ann. §§ 724.031–.035 (Vernon 1999).

Based upon Balkum's timely request for a hearing before the State Office of Ad-

ministrative Hearings (SOAH),[1] DPS notified Balkum that the hearing would be held on January 7, 1998, fifty-four days after Balkum received the notice of suspension from Kennedy. Prior to the hearing, Balkum requested that subpoenas be issued for Kennedy, McLane, Rackow, and Rick Yadon, a private citizen who was participating in a ride-along program with Kennedy that evening.[2] Following a telephone conference, the administrative law judge (ALJ) denied Balkum's request to subpoena any of the witnesses except Kennedy on the ground that good cause did not exist. With regard to Yadon, however, the ALJ expressly permitted Balkum to renew his request after he further investigated the relevance of the testimony. According to the ALJ, Balkum did not make another request for a subpoena of Yadon.

Balkum also filed a motion to dismiss the license suspension proceeding based upon the failure to conduct the administrative hearing within forty days of the issuance of the notice of suspension as required by the Transportation Code. The ALJ denied the motion. At the conclusion of the hearing, the ALJ found that DPS had established that reasonable suspicion existed to stop Balkum, that probable cause existed to believe that Balkum was operating a motor vehicle in a public place while intoxicated, that the officer had properly asked Balkum to submit a specimen of his breath for analysis, and that Balkum had refused. Accordingly, the ALJ entered an order authorizing DPS to suspend Balkum's license for ninety days. Balkum appealed this decision to the County Court at Law No. 2 of Midland County, complaining of the restriction on his ability to subpoena witnesses and the denial of his motion to dismiss. The County Court at Law affirmed the decision of the administrative law judge. Balkum raises the same two issues in his appeal to this Court.

## REFUSAL TO ISSUE SUBPOENAS

In Point of Error No. One, Balkum contends that the ALJ abused its discretion by refusing to issue subpoenas for McLane, Rackow, and Yadon. He also maintains that the denial of the subpoenas violated his right to confrontation guaranteed by the Sixth Amendment to the United States Constitution. The general procedure for obtaining a subpoena in an administrative hearing is set forth in section 2001.089 of the Texas Government Code:

> On its own motion or on the written request of a party to a contested case pending before it, a state agency shall issue a subpoena addressed to the sheriff or to a constable to require the attendance of a witness or the production of books, records, papers, or other objects that may be necessary and proper for the purposes of a proceeding if:
>
> (1) good cause is shown; and
>
> (2) an amount is deposited that will reasonably ensure payment of the amounts estimated to accrue under Section 2001.103.

TEX.GOV'T CODE ANN. § 2001.089 (Vernon 2000).

This case is also governed by the SOAH Rules of Practice and Procedure for Administrative License Revocation cases. The relevant portions of Rule 159.17 provide as follows:

> (a) A request for the issuance of a subpoena to require attendance of witnesses or the production of documents shall be in writing and must be received by the Office at least five days prior to the scheduled hearing, with a copy sent to the department, and shall contain:
>
> . . .
>
> (7) A short statement indicating good cause why the expected testimony or

---

1. *See* TEX.TRANSP.CODE ANN. § 724.041 (providing for hearing, upon request, by administrative law judge employed by SOAH).

2. Yadon was present in Kennedy's vehicle and during the videotaping of Balkum at the county jail.

evidence to be obtained through the witness and/or documents is relevant and necessary to the issues involved in the hearing;

. . .

(e) The decision to issue a subpoena shall be in the sound discretion of the Judge assigned to the case. The Judge shall refuse issuance of a subpoena if the testimony or evidence to be offered:

   (1) is immaterial or irrelevant; or

   (2) good cause has not been shown that the witness or documents pertain to a genuine issue in the contested case.

. . .

(g) If a subpoena is requested and the Judge requires additional evidence or arguments to support its issuance, the Judge may arrange a telephone conference hearing in order to resolve the matter prior to the hearing. If a pre-hearing decision is not possible, the Judge may defer the decision on the request until the hearing is held and then may take the testimony and receive evidence to determine if the request should be granted. The Judge may entertain an offer from the requestor or his attorney as to the nature of the witness' testimony. . . .

1 TEX.ADMIN.CODE 159.17 (West 1998).

DPS concedes that Balkum timely made his requests, but urges that the ALJ did not abuse his discretion in finding that Balkum had failed to establish good cause for issuance of the subpoenas. In alleging that good cause existed to obtain the testimony of McLane, Rackow, and Yadon, Balkum made the same statement in each application for the issuance of the subpoena:

Defendant believes examination of the witness is essential to challenge the existence of probable cause as set forth in the Department's Notice of Hearing as this officer is alleged to have been a witness concerning the captioned investigation and arrest of the Defendant.

The record before us does not contain a transcription of the pre-hearing telephone conference between counsel for the parties and the ALJ. Instead, we only have the discussion which took place at the beginning of the administrative hearing when Balkum raised the issue regarding the denied subpoenas. Balkum's counsel stated that he determined from reading the reports contained within the prosecutor's file in the DWI case that the three witnesses would have relevant testimony pertaining to the probable cause issue because they had observed Balkum's condition at the time of arrest. However, he did not explain the substance of their testimony in more detail. Counsel told the ALJ that Balkum had spoken with Yadon but counsel did not know this in time to meet a deadline for resubmission of his subpoena request. Disagreeing that he had set a "hard and fast" deadline to resubmit his subpoena request, the ALJ asked whether counsel had specific information that Yadon's testimony would be of assistance to him. When counsel replied that he did not know because he did not personally speak with Yadon, the ALJ then proceeded with the hearing. The ALJ also told Balkum that, if necessary, he would continue the case after hearing Kennedy's testimony and subpoena additional witnesses. At the conclusion of the hearing, Balkum did not ask the ALJ to continue the hearing nor did he ask to subpoena additional witnesses.

■■■ We first find that Balkum waived any complaint pertaining to the Sixth Amendment's right of confrontation because he did not raise it in the administrative hearing. *See* TEX.R.APP.P. 33.1(a)(1); *Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App.1990)(defendant waived alleged violation of rights to confrontation and due process by failing to object at trial); *Serrano v. State,* 936 S.W.2d 387, 390 (Tex.App.—Houston [14th Dist.] 1996,

pet. ref'd)(defendant waived review of issue of whether admission of blood test in prosecution for driving while intoxicated deprived him of his constitutional right of confrontation, where defendant failed to object on that ground). Even constitutional errors may be waived by failing to object at trial. *Briggs,* 789 S.W.2d at 924; *Serrano,* 936 S.W.2d at 390. Further, Balkum waived any argument that the ALJ abused the discretion provided him by the Texas Administrative Code in denying his subpoenas because he did not re-urge his complaint at the conclusion of the hearing. While the ALJ initially denied the request for the additional subpoenas, he made it clear that he would reconsider his decision after hearing Kennedy's testimony. Balkum did not request a continuance and he made no effort to establish the necessity of the other witnesses' testimony at the conclusion of the hearing. *See* TEX.R.APP.P. 33.1.

█ Even in the absence of waiver, we are unable to find an abuse of discretion by the ALJ. Because the decision whether to issue a subpoena is submitted to the sound discretion of the administrative law judge, we must determine "whether the court acted without reference to any guiding rules and principles" or, stated differently, "whether the act was arbitrary and unreasonable." *See Texas Dep't of Public Safety v. Mendoza,* 956 S.W.2d 808, 810–11 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *see also Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). Other than generally alleging that the witnesses could testify whether he was intoxicated because they were present at the time of his arrest and shortly thereafter, Balkum made no effort to establish how their testimony would have tended to show a lack of probable cause to believe

that he was intoxicated.[3] Even after Kennedy testified, Balkum did not articulate in what manner any of the three witnesses would have contradicted his testimony on this issue. On appeal, Balkum does not suggest that he would have benefitted from the testimony of the witnesses but argues simply that eyewitness testimony is always relevant and material. Under the Texas Administrative Code, it is not enough that a witness could testify to the same facts as another live witness. The question is whether the witness sought to be subpoenaed could provide relevant testimony on a genuine *contested* issue. Because Balkum failed to meet this showing, we conclude that the ALJ acted within his discretion in denying the three subpoenas. Point of Error No. One is overruled.

## THE FORTY–DAY RULE

█ In his second point of error, Balkum contends that the ALJ erred in failing to dismiss the proceeding because the hearing was conducted beyond the mandatory period of forty days after issuance of the notice of suspension.[4] This contention is subject to *de novo* review. *Texas Dep't of Public Safety v. Dear,* 999 S.W.2d 148, 150 (Tex.App.—Austin 1999, no pet.). Section 724.041(b) of the Transportation Code provides: "A hearing shall be held … before the effective date of the notice of suspension or denial." TEX.TRANSP.CODE ANN. § 724.041(b). A suspension or denial takes effect on the fortieth day after the date on which the person receives notice of suspension or denial. TEX.TRANSP.CODE ANN. § 724.035(d). The Austin court of appeals has addressed this same issue in the context of an administrative license revocation procedure where a driver's breath test reveals an alcohol concentra-

---

3. On appeal, Balkum alleges that McLane, Rackow, and Yadon could have testified to facts other than probable cause to believe he was intoxicated. He did not, however, present these arguments to the trial court either in his written application for the subpoenas or at the hearing when the parties discussed this

topic with the ALJ. Therefore, these arguments are waived. *See* TEX.R.APP.P. 33.1(a)(1).

4. The hearing was held on January 7, 1998, fifty-four days after Officer Kennedy served Balkum with the notice of suspension.

tion that exceeds the legal limit,[5] and in a license suspension proceeding arising from a refusal to perform breath tests.[6] Upon examination of the legislative intent and following the Supreme Court's instructions for interpreting whether a statute is mandatory or directory,[7] the court of appeals found the forty-day requirement to be directory rather than mandatory, and therefore, the failure to hold the hearing within that time period did not deprive the agency of jurisdiction. *Salas,* 977 S.W.2d at 847; *Guerra,* 970 S.W.2d at 648–49. Other courts have agreed. *See Texas Dep't of Public Safety v. Vela,* 980 S.W.2d 672, 674 (Tex.App.—San Antonio 1998, no pet.). In a subsequent case involving the same issue, the Austin court further considered what penalty could be visited upon DPS for failure to conduct the suspension hearing within the required period. *See Dear,* 999 S.W.2d at 151–53. The court began its analysis by reiterating that violation of a directory provision does not render the proceedings void for lack of jurisdiction. *Dear,* 999 S.W.2d at 151, *citing Lewis v. Jacksonville Bldg. & Loan Ass'n,* 540 S.W.2d 307, 311 (Tex.1976); *City of Uvalde v. Burney,* 145 S.W. 311, 312 (Tex.Civ. App.—San Antonio 1912, no writ); *Nash v. Civil Serv. Comm'n, Palestine,* 864 S.W.2d 163, 166 (Tex.App.—Tyler 1993, no writ); *Kessler v. Texas Employers' Ins. Ass'n,*

421 S.W.2d 133, 136 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.); *Texas Dep't of Public Safety v. Dawson,* 360 S.W.2d 860, 862 (Tex.Civ.App.—Dallas 1962, no writ); *McKee v. State,* 318 S.W.2d 113, 116–17 (Tex.Civ.App.—Amarillo 1958, writ ref'd n.r.e.). In determining the effect of noncompliance, the court considered that laws subjecting intoxicated motorists to suspension of driving licenses are intended to remove dangerous drivers from roadways to protect both themselves and other motorists, and the purpose of the forty-day requirement is to promote the proper, orderly, and prompt conduct of business. *Dear,* 999 S.W.2d at 152. Given these purposes, the court held that violation of the forty-day provision does not invalidate the suspension in the absence of a clear showing of bad faith by DPS.[8] *Id.* at 152–53. Persuaded that the holdings in *Guerra, Salas,* and *Dear* are sound, we will apply them here. Accordingly, we find that the failure to hold the hearing within forty-days did not deprive the ALJ of jurisdiction to conduct the hearing nor did it deprive DPS of jurisdiction to suspend the license. Because Balkum did not allege or establish any bad faith on the part of DPS, the ALJ properly denied the motion to dismiss. Point of Error No. Two is overruled.

**5.** *Texas Dep't of Public Safety v. Guerra,* 970 S.W.2d 645 (Tex.App.—Austin 1998, pet. denied).

**6.** *Texas Dep't of Public Safety v. Salas,* 977 S.W.2d 845 (Tex.App.—Austin 1998, no pet.).

**7.** *See Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956).

**8.** At oral argument, Balkum maintained that DPS failed to affirmatively establish good cause for holding a hearing outside the forty-day time limit, and therefore, it lacked jurisdiction to suspend his driver's license. Balkum is correct that *Guerra* seemingly placed the burden on DPS to establish good cause. *See Guerra,* 970 S.W.2d at 650. However, the Austin court of appeals clarified in *Dear* that it did not hold that DPS faced invalidation of a license suspension if it failed to make this showing. *See Dear,* 999 S.W.2d at 151–52. Instead, a driver seeking to invalidate a li-

cense suspension must establish bad faith on the part of DPS. *Dear,* 999 S.W.2d at 152–53. Placing the burden on DPS to establish good cause for holding the hearing outside of the forty-day period, or else face invalidation of a license suspension, effectively requires DPS to demonstrate that it has jurisdiction to act. Such a holding runs absolutely counter to the well-established rule that violation of a directory provision does not deprive the agency of jurisdiction to act. *See Dear,* 999 S.W.2d at 151–52 (and the numerous cases cited therein). As the *Dear* Court noted, "If the legal consequence of failing to comply with a directory provision was the same as that for failing to comply with a mandatory provision, there would be no meaningful distinction between the two." *Id.* at 152. Because we believe *Dear's* analysis is correct, we have required Balkum to prove bad faith on the part of DPS.

Having overruled both points of error, we affirm the judgment of the county court at law and the administrative decision.