Affirmed and Memorandum Opinion filed October 7, 2008








Affirmed and Memorandum Opinion filed October 7, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00902-CR

_______________

 

JOHNNY FRANK MOORE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1076691

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
found appellant, Johnny Frank Moore, guilty of aggravated robbery.  The trial
court assessed punishment of fifteen years= confinement.  In two issues,
appellant contends the evidence is legally and factually insufficient to
support his conviction.  Because all dispositive issues are clearly settled in
law, we issue this memorandum opinion and affirm.  Tex. R. App. P. 47.4.








I. Background

At approximately 4:30 a.m. on July 15, 2006, complainant,
Arselia Rivera, was waiting at a bus stop on her way to work when a slender
man, wearing a greenish shirt, sat down next to her.  Shortly thereafter, the
man grabbed complainant, brandished a pocketknife, and placed the knife against
complainant=s body.  The man took complainant=s purse and searched her for other
valuables before leaving. Complainant=s purse contained a black Nokia
cellular phone, a black clock, forty dollars, a small coin purse, and other
personal items.  Further, although complainant testified that the knife was Asmall,@ with a three to four inch blade,
during the incident, she was frightened and feared for her life. 

After
her assailant fled, complainant ran to a nearby convenience store and contacted
the police and her sister, Amalia Rivera.  Approximately thirty minutes later,
Amalia met complainant at the convenience store, and they left to look for the
assailant.  The sisters discovered appellant eating while sitting under a
nearby freeway overpass.  He was wearing a white shirt. Complainant identified
appellant as her assailant and notified the police regarding his location.  

Subsequently,
Officer Gilbert Garcia, Jr. arrested appellant.  In a search incident to
arrest, Officer Garcia discovered a Nokia cellular phone battery in appellant=s pocket, which complainant and
Amalia identified as the battery from complainant=s cellular phone.  After the police
took appellant into custody, the police, complainant, and Amalia searched the
area underneath the freeway overpass.  Complainant and Amalia saw a suitcase in
the area where they earlier discovered appellant eating. They discovered a
green shirt inside the a suitcase.  However, they did not find the knife
allegedly used during the robbery or any items other than the Nokia battery.








II. Analysis

In two
issues, appellant contends the evidence is legally and factually insufficient
to support the jury=s verdict.  Specifically, appellant contends (1) the State=s evidence of identity is legally
insufficient to prove appellant committed the crime charged and (2) the State=s evidence is factually insufficient
to prove appellant used or exhibited a deadly weapon. We disagree.

A.        Standard of Review

A person
commits the offense of aggravated robbery if in the course of committing theft
and with intent to obtain or maintain control of property he intentionally or
knowingly threatens or places another in fear of imminent bodily injury or
death and uses or exhibits a deadly weapon.  See Tex. Pen. Code Ann. ' 29.03 (Vernon 2003).

In
reviewing legal sufficiency of the evidence, we view the evidence in the light
most favorable to the verdict and determine whether a rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Salinas v.
State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  We ensure only that the
jury reached a rational decision and do not act as a second arbiter of the
weight and credibility of testimony.  Muniz v. State, 851 S.W.2d 246
(Tex. Crim. App. 1993).  The jury  is the sole judge of the credibility of
witnesses and is free to believe or disbelieve all or part of a witness=s testimony.  Jones v. State,
984 S.W.2d 254, 257 (Tex. Crim. App. 1998).








In
reviewing factual sufficiency of the evidence, we view all the evidence in a
neutral light and will set aside the verdict only to prevent manifest
injustice.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006).  In conducting a factual-sufficiency review, we engage in a two-prong
test to determine whether there is some objective basis to find: (1) that the
evidence in support of the jury=s verdict is so weak that the jury=s verdict seems clearly wrong and
unjust, or (2) that conflicting evidence is so strong as to render the jury=s verdict clearly wrong and
manifestly unjust.  Roberts v. State, 220 S.W.3d 521, 523 (Tex. Crim.
App. 2007), cert. denied, 128 S.Ct. 282 (2007); Watson, 204
S.W.3d at 414B15.  

B.        Identity

Appellant first contends the evidence is legally insufficient
to prove he was the person who committed the crime charged.  It is axiomatic
that the State is required to prove beyond a reasonable doubt that the accused
is the person who committed the crime charged.  McCullen v. State, 372
S.W.2d 693, 695 (Tex. Crim. App. 1963).  Appellant argues that his conviction
was based on complainant=s testimony, which was too weak because the State lacked
sufficient corroborating evidence.  

Identity
of a perpetrator may be proved by direct or circumstantial evidence.  Earls
v. State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986).  A victim=s unequivocal in-court identification
is sufficient to establish the identity of the perpetrator of a robbery.  See
Jones v. State, 687 S.W.2d 430, 432 (Tex. App.CHouston [14th Dist.] 1985, no pet.). 
However, an uncertain in-court identification, absent corroborating evidence,
is insufficient to support a guilty verdict.  Serrano v. State, 936
S.W.2d 387, 393 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d); Bickems v. State, 708
S.W.2d 541, 543 (Tex. App.CDallas 1986, no pet.). 

At
trial, complainant gave the following testimony:

THE
STATE: How close was the defendant to you at [the time of the robbery]?

COMPLAINANT:
. . . very close.

THE
STATE: Were you able to see his face well?

COMPLAINANT:
Yes, but he has changed a lot. 

. .
. 

THE
STATE: What did [the assailant] look like that day?

COMPLAINANT:
He was slender, he was wearing . . . a greenish shirt.  And after he was
caught, he had a white shirt.








. . .

THE STATE: How does he look different today?

COMPLAINANT: He looks fatter.  When he robbed me, he
had some mustache and it=s different now.

THE STATE Did he have more facial hair on him at that
time?

COMPLAINANT: Yes.

THE STATE: Do you see the person here in court today
that robbed you on that day?

COMPLAINANT: It looks like him with the white shirt
sitting up there at the front. . . . [H]e looks fatter now and his face has
changed.

THE STATE: Can you look at him and point to him and
identify the color of shirt that he=s
wearing?

COMPLAINANT: It=s the one over there with the white
shirt [identifying appellant].

Appellant contends this testimony was
equivocal and insufficient to support the jury=s verdict. He argues that complainant=s testimony was contradictory: the
man who robbed her was slender and mustachioed; but in the courtroom, appellant
appeared fatter, with an altered facial appearance.  Further, appellant
contends complainant made no actual identification because, at one point in her
testimony, she  stated that appellant Alooks like@ the man who robbed her.  








However,
after reviewing this testimony in the light most favorable to the verdict, we 
conclude the evidence is sufficient to prove appellant=s identity.  Complainant testified
that, at the time of the robbery, she had a good look at appellant=s face and observed him at close
range.  Although complainant noted that appellant=s appearance had changed since the
time of the robbery, she never equivocated in her identification of appellant
as the person who robbed her.[1]  Moreover,
other evidence adduced at trial corroborated complainant=s identification: on the day of the
robbery, complainant identified appellant as her assailant; the police
discovered the battery of complainant=s cellular phone in appellant=s pocket; and complainant located the
shirt worn during the robbery in the area where she found appellant after the
robbery.  Accordingly, after reviewing the evidence in the light most favorable
to the verdict, we hold it is legally sufficient to prove appellant=s identity beyond a reasonable
doubt.  See Salinas, 163 S.W.3d at 737.  We overrule appellant=s first issue.

C.        Deadly
Weapon

In his
second issue, appellant contends the evidence is factually insufficient to
prove he used or exhibited a deadly weapon during the commission of the
robbery.  A Adeadly weapon@ is Aa firearm or anything manifestly designed, made, or adapted
for the purpose of inflicting death or serious bodily injury; or . . . anything
that in the manner of its use or intended use is capable of causing death or
serious bodily injury.@  Tex. Pen. Code Ann. ' 1.07 (Vernon 2003 & Supp.
2008).  A knife is not a deadly weapon per se.  See Thomas v. State, 821
S.W.2d 616, 620 (Tex. Crim. App. 1991).  However, the State may prove that a
knife is a deadly weapon by adducing sufficient evidence that the knife was, in
fact, manifestly designed, made, or adapted for the purpose of inflicting death
or serious bodily injury.  Id.  Therefore, the State may prove that a
knife could cause death or serious bodily injury by showing the manner of its
use, the size of the blade, threats made by the accused, or the physical
proximity between the accused and the victim.  Soto v. State, 864 S.W.2d
687, 691 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d) (citing Blain v. State, 647
S.W.2d 293, 293B94 (Tex. Crim. App. 1983)).








Appellant
argues that complainant=s description of the knife as Asmall,@ with a three to four inch blade, is
proof that the knife was not a deadly weapon.  Further, appellant contends the
record is unclear regarding how the knife was used during the robbery. 
Although complainant described the knife as small, she testified that appellant
grabbed her and placed the knife against her body and she was in fear of losing
her life.  The jury could have reasonably concluded that a three to four inch
blade knife, placed against the body of a victim in a threatening manner, which
caused the victim to fear for her life, constituted a deadly weapon.  See
Tex. Pen. Code Ann. ' 1.07.  Accordingly, after reviewing the evidence in a
neutral light, we conclude the evidence in support of the jury=s verdict is not so weak that the
jury=s verdict seems clearly wrong and
unjust, and, in considering conflicting evidence, the jury=s verdict is not against the great
weight and preponderance of the evidence.  See Roberts, 220
S.W.3d at 523.  We overrule appellant=s second issue.

The
judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed October 7, 2008.

Panel consists of Justices Yates,
Seymore, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 









[1]  Additionally, we note that other witnesses also
testified that appellant=s appearance had changed since the robbery.  Amalia
Rivera and Officer Garcia testified that appellant had gained weight since the
date of his arrest, although Amalia once stated that appellant Alooked smaller in court.@  Further, both Amalia and Officer Guerra noted that appellant=s appearance differed from the date of his arrest
because, at trial, he looked Aclean@ or Aclean-cut.@