

## NUMBER 13-19-00600-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                             Appellant,

v.

LUIS DEMETRIO GONZALEZ JR.,                               Appellee.

On appeal from the County Court at Law No. 8
of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant, the Texas Department of Public Safety (the Department), appeals a judgment in favor of appellee Luis Demetrio Gonzalez Jr. By three issues that we have relabeled, the Department argues the county court erred in finding that (1) the administrative law judge (ALJ) lacked the power to grant the Department a second

continuance in the administrative proceeding brought against Gonzalez; (2) the administrative record did not contain substantial evidence to support the ALJ's decision; and (3) other grounds supported reversal of the ALJ's decision. We reverse and render judgment in favor of the Department.

## I. BACKGROUND

On December 23, 2018, Gonzalez was arrested for driving while intoxicated (DWI) and refused to provide a breath specimen to the arresting officer, triggering an automatic two-year suspension of his driver's license. *See* TEX. TRANSP. CODE ANN. § 724.035(a)–(b).

Gonzalez challenged the license suspension by requesting a hearing before an ALJ from the State Office of Administrative Hearings (SOAH). *See id.* § 724.041(a). SOAH set a hearing for May 23, 2019. The day before the hearing, the Department moved for a continuance because Eric Guzman, the arresting officer and a trooper with the Department, had a work conflict and could not appear. Gonzalez objected to the continuance and asked for the case to be dismissed. The ALJ granted the Department a continuance and reset the hearing for June 20, 2019. At the hearing in June, the Department again moved for a continuance because Trooper Guzman was "out on training" and could not attend the hearing. The ALJ granted the Department a second continuance and reset the hearing for July 25, 2019.

At the hearing on July 25, 2019, Trooper Guzman testified that he responded to a two-vehicle crash at 9:00 am on December 23, 2018. Gonzalez was the driver of one of the vehicles, and Trooper Guzman smelled alcohol on Gonzalez's breath. Trooper

2

Guzman asked Gonzalez if he had been drinking, and Gonzalez told him he drank alcohol the night before. Trooper Guzman administered a horizontal gaze nystagmus (HGN) test, a walk-and-turn test, and a one-leg stand test to look for clues indicating that Gonzalez was intoxicated. As to the HGN test, Trooper Guzman stated that he observed all six clues indicating intoxication and that Gonzalez exhibited "lack of smooth pursuit, maximum deviation and prior to 45 degrees." As to the walk-and-turn test, Trooper Guzman noted two clues: Gonzalez "missed heel-to-toe [and] took [the] wrong number of steps." Gonzalez did not exhibit any clues during the one-leg stand. Two video recordings of the interactions between Trooper Guzman and Gonzalez were introduced into evidence.

Trooper Guzman believed there was probable cause to arrest Gonzalez for DWI and requested that Gonzalez give a portable breath test. Gonzalez mentioned he was "crudo" or hungover and declined to give a breath sample. Trooper Guzman arrested Gonzalez for DWI. The ALJ issued findings of fact which provided:

> On December 23, 2018, reasonable suspicion to come into contact with [Gonzalez] existed, in that a Texas peace officer within his jurisdiction was dispatched to the scene of an accident in a public place in Texas. Upon arrival and investigation, the officer observed [Gonzalez] admitted being the driver of a vehicle involved in the accident.

> On the same day, probable cause to arrest [Gonzalez] existed, in that probable cause existed to believe that [Gonzalez] was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1, [Trooper Guzman] observed [Gonzalez] had a strong odor of alcohol and red, bloodshot, watery eyes. [Gonzalez] displayed 6 out of 6 clues of intoxication and vertical on the Horizontal Gaze Nystagmus test. [Gonzalez] displayed additional clues of intoxication, including unsteady balance, on the Walk and Turn task.

> [Gonzalez] was placed under arrest and was properly asked to submit a specimen of blood or breath.

3

After being requested to submit a specimen of blood or breath, [Gonzalez] refused.

[Gonzalez] has had one or more alcohol or drug related enforcement contacts during the ten years preceding the date of [Gonzalez's] arrest as indicated on [Gonzalez's] driving record.

*See id.* § 724.042. The ALJ entered an order upholding Gonzalez's two-year license suspension.

Gonzalez appealed the ALJ's decision to the county court. *See id.* §§ 524.014, 724.047. Gonzalez argued to the county court that (1) the ALJ did not have jurisdiction to enter an order because the transportation code allowed the Department only one continuance, (2) "there was no substantial evidence to uphold the suspension of Mr. Gonzalez's license," and (3) the granting of the second continuance violated the Constitutional separation of powers principles. The county court signed an order reversing the ALJ's decision. The county court's order provided that: (1) the ALJ erred when it granted the second continuance, which deprived the ALJ of subject matter jurisdiction; (2) the ALJ's order violated the Separation of Powers clause in the Texas Constitution; and (3) "[t]he two videos unequivocally contradict [Trooper Guzman's] DIC and other forms, reports[,] and testimony."[1] This appeal followed.

## II. ALJ's JURISDICTION

By its first issue, the Department argues the county court erred when it reversed the ALJ's decision on the basis that the ALJ lost subject matter jurisdiction when it granted the Department a second continuance. Gonzalez concedes that the county court erred

---

[1] The Department notes on appeal that the order signed by the county court was drafted and proposed by Gonzalez.

and explains that his counsel misunderstood the law when it presented his argument to the county court.

At the county court, Gonzalez argued the ALJ lost jurisdiction when it granted the Department a second continuance because § 524.032(c) of the transportation code allows for only one continuance. *See id.* § 524.032(c) ("A person who requests a hearing under this chapter may obtain only one continuance under this section unless the person shows that a medical condition prevents the person from attending the rescheduled hearing, in which event one additional continuance may be granted."). However, § 524.034 applies only to the party contesting the suspension, not the Department. *See id.*; *see also* 1 Tex. Admin. Code § 159.207 (State Office of Administrative Hearings, Continuances). Therefore, the county court erred when found the ALJ lacked subject matter jurisdiction.

The Department's first issue is sustained.

### III.    SUBSTANTIAL EVIDENCE REVIEW

By its second issue, the Department argues the county court erred when it reversed the ALJ's decision on the basis that it was not supported by substantial evidence.

### A.    Standard of Review

In an administrative hearing, the ALJ is the finder of fact and determines the weight to be given to the evidence. *Tex. Dep't of Pub. Safety v. Castro*, 406 S.W.3d 782, 786 (Tex. App.—El Paso 2013, no pet.); *see Tex. Dep't of Pub. Safety v. Chang*, 994 S.W.2d 875, 877 (Tex. App.—Austin 1999, no pet.) ("If there is evidence to support either a

negative or affirmative finding on a specific matter, the decision of the ALJ must be upheld."). The reviewing court is required to review the record of the ALJ's hearing. TEX. TRANSP. CODE ANN. § 524.043(a). Because the ALJ is the fact finder, a reviewing court is barred from substituting its judgment for the judgment of the ALJ on the weight of the evidence. TEX. GOV'T CODE ANN. § 2001.174; *Castro*, 406 S.W.3d at 787.

"[C]ourts review administrative license suspension decisions under the substantial evidence standard." *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999) (per curiam); *see* TEX. GOV'T CODE ANN. § 2001.174. Substantial evidence review is a limited standard of review, requiring only more than a mere scintilla of evidence to support an agency's determination. *Edinburg Consol. Indep. Sch. Dist. v. Esparza*, 603 S.W.3d 468, 478 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.). Essentially, this is a rational-basis test to determine, as a matter of law, whether an ALJ's decision finds reasonable support in the record. *Id.*; *see Mireles*, 9 S.W.3d at 131. Although substantial evidence is more than a mere scintilla, the evidence in the record may preponderate against the agency decision and still amount to substantial evidence supporting the decision. *Tex. Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 452 (Tex. 1984); *Esparza*, 603 S.W.3d at 478. We review the county court's substantial evidence review of the administrative ruling de novo. *See Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam).

B.    Applicable Law

The issues at the hearing before the ALJ were whether (1) reasonable suspicion or probable cause existed to stop or arrest Gonzalez; (2) probable cause existed to

6

believe Gonzalez was operating a motor vehicle in a public place while intoxicated; (3) Gonzalez was placed under arrest and was requested to submit to the taking of a specimen; and (4) Gonzalez refused to submit to the taking of a specimen on request of the officer. TEX. TRANSP. CODE ANN. § 724.042.

Probable cause to arrest exists when the facts and circumstances that are apparent to the arresting officer support a reasonable belief that an offense has been or is being committed. *Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). Probable cause requires more than a suspicion but far less evidence than that needed to support a conviction or to support a finding by a preponderance of the evidence. *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

A person commits the offense of driving while intoxicated if he "is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a). "Intoxicated" means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." *Id*. § 49.01(2)(A).

## C.    Analysis

The ALJ found that Gonzalez's driver's license was subject to a two-year suspension because Trooper Guzman had probable cause to arrest Gonzalez for DWI, arrested Gonzalez for DWI, and Gonzalez refused Trooper Guzman's request for a breath sample. *See* TEX. TRANSP. CODE ANN. § 724.042. The county court reversed the ALJ's decision, implicitly finding there was not more than a mere scintilla of evidence supporting

7

the ALJ's determinations. *See Charter Med.-Dall., Inc.*, 665 S.W.2d at 452. The Department argues on appeal that there was substantial evidence supporting the ALJ's decision. We agree with the Department.

Here, Trooper Guzman testified before the ALJ that he encountered Gonzalez at the scene of a car accident at 9:00 am, smelled alcohol on Gonzalez, and observed six clues of intoxication during the HGN test and other clues during the heel-to-toe test. This was more than a scintilla of evidence supporting the ALJ's finding of probable cause. *See* TEX. PENAL CODE ANN. §§ 49.01, 49.04; TEX. TRANSP. CODE ANN. § 724.042(1), (2)(A); *Esparza*, 603 S.W.3d at 478; *Castro*, 406 S.W.3d at 786; *see also Cotton v. State*, 686 S.W.2d 140, 142–43 & n.3 (Tex. Crim. App. 1985) (listing signs of intoxication).

The county court provided in its findings that "[t]he two videos unequivocally contradict the Trooper's DIC and other forms, reports[,] and testimony"; however, we disagree. One of the videos shows Trooper Guzman administering the HGN test and Gonzalez's eyes can be seen shifting and jerking during the test; the video does not "unequivocally contradict" Trooper Guzman's testimony that he observed six clues of intoxication.[2] Additionally, Gonzalez can be seen in the video: (1) not following Trooper Guzman's instructions about counting during the heel-to-toe test; (2) miscounting his steps during the heel-to-toe test; (3) swaying after turning 180 degrees during the heel-to-toe test; and (4) telling Trooper Guzman that he was hungover and drank alcohol the night before. The driver of the vehicle Gonzalez rear ended can be heard telling Trooper Guzman that Gonzalez smells of alcohol, appeared to be under the influence of alcohol,

---

[2] The other video depicts the same events but from a different point of view.

8

and was aggressive towards him following the accident. The ALJ found Trooper Guzman to be credible, and the county court was not allowed to substitute its opinion on credibility for that of the ALJ. *See* TEX. GOV'T CODE ANN. § 2001.174; *Castro*, 406 S.W.3d at 786–87; *cf. Miller v. State*, 393 S.W.3d 255, 263 (Tex. Crim. App. 2012) ("When there are factual disputes regarding testimony or the contents of a videotape, the trial court's findings of historical fact are afforded almost total deference. But when the evidence is conclusive, such as . . . 'indisputable visual evidence,' then any trial-court findings inconsistent with that conclusive evidence may be disregarded as unsupported by the record, even when that record is viewed in a light most favorable to the trial court's ruling.").

We conclude that the county court erred when it reversed the ALJ on the basis that the videos unequivocally contradicted Trooper Guzman's testimony and other evidence. *See Castro*, 406 S.W.3d at 786–87. Furthermore, we conclude there was substantial evidence supporting the ALJ's determination that probable cause existed to arrest Gonzalez for DWI.[3] *See* TEX. GOV'T CODE ANN. § 2001.174; TEX. PENAL CODE ANN. §§ 49.01, 49.04; *Castro*, 406 S.W.3d at 786–87; *see also State v. Garrett*, 22 S.W.3d 650, 654 (Tex. App.—Austin 2000, no pet.) (concluding there was probable cause to arrest for DWI when the defendant smelled of alcohol, had watery eyes, was unsteady on his feet, and drove illegally).

We sustain the Department's second issue.

---

[3] It is undisputed that Gonzalez was arrested and refused Trooper Guzman's request for a breath sample. *See* TEX. TRANSP. CODE ANN. § 724.042(3), (4).

## IV.    OTHER GROUNDS

By its third issue, the Department argues the county court erred when it reversed the ALJ's order on the bases that (1) "[t]he second continuance order is ultra vires and was entered without legal power, authority or basis in statute or SOAH Rules" and (2) "[t]he same second order violated the Separation of Powers Clause" in the Texas Constitution. *See* TEX. CONST. art. 2, § 1. Specifically, the Department argues that Gonzalez failed to preserve these arguments for the county court's appellate review of the ALJ's decision. We agree.

When a party does not bring his complaint to the ALJ's attention, whether orally or in writing, the complaint will not be preserved on appeal. *Pierce v. Tex. Racing Comm'n*, 212 S.W.3d 745, 760 (Tex. App.—Austin 2006, pet. denied) (citing TEX. R. APP. P. 33.1; *Mo. Pac. R.R. Co. v. Whittenburg & Alston*, 424 S.W.2d 427, 430 (Tex. 1968)). Even a complaint based on constitutional grounds may be forfeited on appeal by not raising it in the administrative hearing. *Balkum v. Tex. Dep't of Pub. Safety*, 33 S.W.3d 263, 266 (Tex. App.—El Paso 2000, no pet.) (citing TEX. R. APP. P. 33.1(a)(1); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990)).

Here, when the Department asked the ALJ for a second continuance, Gonzalez responded:

> This is the second motion, as the [Department] just mentioned. We have an objection to the continuance. We gave the [Department] a professional courtesy the first time, for the first continuance. We have no issue doing that once but the second time—this matter has been pending for a while. We do need the trooper here. He was duly subpoenaed. . . . So, we would respectfully request a continuance be denied and this case be dismissed.

Because Gonzalez did not assert his specific complaints at the administrative hearing, he failed to preserve them for the county court's review, and they may not serve as grounds for reversing the ALJ's decision. *See* TEX. R. APP. P. 33.1; *see also Tex. Dep't of Pub. Safety v. Rabideau*, No. 06-19-00017-CV, 2019 WL 3210206, at *4 (Tex. App.—Texarkana July 17, 2019, no pet.) (mem. op.) (concluding that appellant waived argument that there was an unreasonable delay in the DWI investigation by not raising it before the ALJ). As such, we conclude the county court erred when it reversed the ALJ's decision on the bases that "[t]he second continuance order is ultra vires and was entered without legal power, authority or basis in statute or SOAH Rules" and "[t]he same second order violated the Separation of Powers Clause" in the Texas Constitution.

We sustain the Department's third issue.

## V. CONCLUSION

We reverse the county court's judgment and render judgment affirming the ALJ's order.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
27th day of May, 2021.

11