**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Katherine VELA, Appellee.**

**No. 04–97–00206–CV.**

Court of Appeals of Texas, San Antonio.

July 22, 1998.

---

Andres Cedillos, Texas Dept. of Public Safety, Asst. Director of Hearings, San Antonio, Loren E. Svor, Texas Dept, of Public Safety, Asst. General Counsel, Austin, for appellant.

Mario Del Prado, Del Prado & Del Prado, P.C., San Antonio, for appellee.

Before STONE, GREEN and ANGELINI, JJ.

ANGELINI, Justice.

The Texas Department of Public Safety (DPS) appeals a judgment vacating an administrative decision to suspend Katherine Vela's driver's license. The trial court vacated the suspension of Vela's license because Vela was not given an administrative suspension hearing within forty days from the time she received notice of suspension. The DPS raises four points of error, contending that it has a right to continue an ALR hearing upon request by the defendant or upon its own motion, that Vela is estopped from complaining that her hearing was held more than forty days after she received notice of suspension, and that there is no mandatory forty day rule. Because we find the requirement that a hearing be held within forty days of notice of suspension is not mandatory, we reverse the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early morning of August 16, 1996, Bexar County Sheriff's Deputy Richard Esqueda stopped Katherine Vela after he observed her driving in an erratic manner. When Deputy Esqueda approached and spoke with Vela, he suspected that she was intoxicated. Deputy Esqueda noticed that Vela swayed when she stood, slurred her speech, and smelled of alcohol. He performed a series of field sobriety tests, and, based upon his observations, he arrested Vela for driving while intoxicated. Vela was subsequently asked to perform an intoxilyzer breath test, which she agreed to do. She gave two breath samples, both of which revealed alcohol concentrations above the legal limit. Vela was then served with notice of license suspension pursuant to TEX. TRANSP. CODE ANN. § 524.011 (Vernon Pamph.1998).

Vela contacted the DPS and requested a hearing pursuant to TEX. TRANSP. CODE ANN. § 524.031 (Vernon Pamph.1998). Arrangements were made for a telephonic hearing. The DPS scheduled the hearing for September 24, 1996, the thirty-ninth day after Vela received notice of suspension. Shortly thereafter, Vela retained an attorney to represent her during the administrative hearing. Vela's attorney instructed her to contact the DPS again and request that her hearing be changed from a telephonic hearing to an in-person hearing.

Vela's second request was treated as a request for continuance by the DPS. The hearing was rescheduled for September 26, 1996, and Vela was notified of the setting. However, on September 19, 1996, the State Office of Administrative Hearings *sua sponte* continued the case from September 26, 1996, to October 11, 1996, because there was no administrative law judge available to conduct the hearing on September 26. At the hearing on October 11, Vela moved for judgment based upon the fact that the hearing was being held on the fifty-sixth day after receipt of notice in violation of the forty day rule set forth in the Texas Transportation Code. The administrative law judge denied Vela's motion, heard evidence on the DPS's petition for suspension, and rendered a decision in favor of the DPS affirming its right to suspend Vela's driver's license. Vela appealed the administrative decision to the County Court at Law, which reversed the administrative decision and entered judgment that Vela's driver's license could not be suspended by the DPS.

## ARGUMENT AND AUTHORITY

A driver's license suspension under the Texas Transportation Code *takes effect* on the fortieth day after the date notice of suspension is received. TEX. TRANSP. CODE ANN. § 524.021(a)(1),(2) (Vernon Pamph. 1998) (emphasis added). The code further provides that, once a hearing is requested pursuant to section 534.031, the hearing shall be held *before the effective date* of the suspension. TEX. TRANSP. CODE ANN. § 524.032(a) (Vernon Pamph.1998) (emphasis

added). This language seems to suggest that, when a hearing is requested, the hearing must take place within forty days of the service of notice of suspension. Vela argues that the language of the two provisions speaks for itself, creating a mandatory time period within which the DPS must conduct a hearing. On the other hand, the DPS contends that the Transportation Code, when considered in its entirety and in conjunction with the Texas Administrative Code, does not contemplate a mandatory forty day rule.

The Austin Court of Appeals recently addressed this issue in favor of the DPS. *See Texas Dept. of Public Safety v. Guerra,* 970 S.W.2d 645 (Tex.App.—Austin 1998, n.w.h.). Although the Transportation Code does not specifically provide that a hearing must be held within forty days of notice of suspension, the court in *Guerra* agreed that the interplay between sections 524.021 and 524.032(a) suggests that such a requirement was the probable intent of the Legislature. *See Guerra,* 970 S.W.2d at 647–48. However, the court, following the supreme court's instructions for interpreting whether a statue is mandatory or directory, determined that the forty day rule created by the two sections is merely directory. *See id.* at 648–49 (citing *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956)). We agree.

In reaching its decision, the *Guerra* court noted that other provisions of chapter 524 of the Transportation Code suggest that suspension hearings may be held later than forty days after notice of suspension. Particularly, both the licensee and the DPS are permitted to reschedule a hearing, and nothing in the code requires the rescheduled hearing to be held in the forty day time period. *See* TEX. TRANSP. CODE ANN. §§ 524.032(b), (c), 524.039 (Vernon Pamph. 1998). In fact, the code provides that suspension is stayed until the date of a final decision by the administrative law judge. TEX. TRANSP. CODE ANN. §§ 524.032(d), 524.037 (Vernon Pamph.1998). Such a provision would be unnecessary if a mandatory forty day rule applied.

The *Guerra* court further observed the Legislature's failure to attach a consequence when a hearing is held outside the forty day period, noting that "absence of words stating the consequences of a failure to act within the time specified" supports a conclusion that a statute is directory. *See Guerra,* at 649–50 (quoting *Chisholm,* 287 S.W.2d at 945). We agree that the Legislature could have easily implemented consequences for noncompliance if it had intended a mandatory forty day requirement. *See Nash v. Civil Service Comm'n,* 864 S.W.2d 163, 166 (Tex.App.—Tyler 1993, no writ).

The court, in *Guerra,* also pointed out the impracticality of a strict forty day rule where the procedural nature of a suspension hearing is not within the DPS's exclusive control. A suspension hearing must be heard by an administrative law judge employed by the State Office of Administrative Hearings, at a location designated by the State Office of Administrative Hearings, with the State Office of Administrative Hearings making arrangements for recording the hearing. TEX. TRANSP. CODE ANN. §§ 524.033, 524.034 (Vernon Pamph.1998). Under these circumstances, it is not realistic to hold the DPS to a strict forty day requirement when it is at the procedural mercy of SOAH. The present case provides a perfect illustration of the effects of a mandatory requirement. After Vela obtained a continuance, her hearing was again rescheduled, this time by SOAH, because no administrative law judges were available to hear the case on the scheduled hearing date. If a mandatory forty day requirement were in place, the DPS would suffer the consequences of acts taken by SOAH over which it has no control.

Every effort should be made by the DPS to conduct a hearing within forty days of notice of suspension; however, where good cause is shown for a delay, we find there is no mandatory requirement that a hearing be held within forty days. Accordingly, we sustain the DPS's fourth point of error and reverse the judgment of the trial court. Because the record reflects that the trial court, as a result of its misinterpretation of the Transportation Code, did not address the merits of the suspension, we remand this case for a determination of whether the suspension was reasonably supported by substantial evidence. *See Texas Dep't of Public*

*Safety v. Valdez,* 956 S.W.2d 767, 770 (Tex. App.—San Antonio 1997, no writ).