**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Albert SALAS, Appellee.**

**No. 03–98–00027–CV.**

Court of Appeals of Texas, Austin.

Oct. 1, 1998.

Loren E. Svor, Austin, for Appellant.

Betty Blackwell, Austin, for Appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

The Texas Department of Public Safety (the "Department") appeals a judgment reversing the suspension of appellee Albert Salas's driver's license. Salas's driver's license was suspended after a hearing by the State Office of Administrative Hearings ("SOAH"), pursuant to Texas Transportation Code section 724.031 *et seq. See* Tex. Transp. Code Ann. §§ 724.031–.048 (West 1998) (Suspension or Denial of License on Refusal of Specimen; Hearing) (hereinafter the "Code"). Salas appealed to the Travis County Court at Law on the basis that the Department lacked authority to suspend his license because the hearing was held more

than forty days after he was served with notice of suspension, in violation of section 724.041. Because we hold that the forty day requirement in section 724.041 is directory and not jurisdictional, we will reverse the trial court's judgment and reinstate the suspension of Salas's license.

## BACKGROUND

Salas was arrested for driving while intoxicated ("DWI") on July 13, 1997, but refused to provide a sample of his breath for analysis. Salas contends that at the time of the offense he was served with notice that his license would be suspended. *See* Code § 724.035 (suspending license for refusal to provide specimen). The record contains the DWI statutory warning form, which provides notice of suspension. The statutory warning form reflects the time and date of the offense, but does not affirmatively show whether Salas received this form or when he received actual notice. Nevertheless, Salas requested a hearing on the license suspension. *See* Code § 724.041 (requiring a hearing upon timely request). The SOAH held the hearing on August 28, 1997, forty-six days after the date Salas says the notice of suspension was served on him. *See* Code § 724.041 (timely request for a hearing shall be held by SOAH). At the conclusion of the hearing, the presiding administrative law judge ("ALJ") authorized the Department to suspend the license.

Salas appealed this decision to the Travis County Court at Law, contending that the Department's failure to hold the hearing within forty days after the notice of suspension was served, in violation of section 724.041(b), deprived the agency of jurisdiction to suspend his license. *See* Code §§ 724.041(b),[1] .035(d).[2] The trial court agreed with Salas's position and reversed the suspension order on this basis.

## DISCUSSION

■ The Department appeals the trial court judgment rendered in favor of Salas,

---

1. Section 724.041(b) states: "A hearing shall be held ... before the effective date of the notice of suspension or denial." Tex. Transp. Code Ann. § 724.041(b) (West 1998).

2. Section 724.035(d) states: "A suspension or denial takes effect on the 40th day after the date on which the person: (1) receives notice of suspension or denial...." *Id.* § 724.035(d).

arguing in a single point of error that the administrative agency does not lose jurisdiction of the matter solely because it fails to hold a hearing on an administrative license revocation before the fortieth day after service of the notice of suspension. This Court recently addressed the same argument regarding a different section of the Code in *Texas Department of Public Safety v. Guerra*, 970 S.W.2d 645 (Tex.App.—Austin 1998, pet. denied). *Guerra* dealt with an administrative license revocation procedure when a driver's breath test reveals an alcohol concentration that exceeds the legal limit. In *Guerra*, we held that the interplay between Texas Transportation Code sections 524.032(a)[3] and 524.021,[4] provisions parallel to sections 724.041(b) and 724.035(d), requires a hearing to be held within forty days of the notice of suspension. *Id.* at 648. We further held that section 524.032(a) is directory, rather than mandatory, and that the hearing can be held beyond the forty days for good cause shown; however, failure to hold a hearing within forty days does not deprive the agency of jurisdiction. *Id.* at 648–50; *see also Texas Dep't of Public Safety v. Vela*, No. 04–97–00206–CV, slip op. at 5, —— S.W.2d ——, 1998 WL 412457 (Tex. App.—San Antonio July 22, 1998, no pet. h.).

Even assuming the record reflects that Salas received notice more than forty days before the effective date of revocation, his contention must fail. For the same reasons stated in *Guerra*, we hold that the requirement in section 724.041 that a hearing be held within forty days of the notice of suspension is directory; a hearing may be held beyond forty days for good cause shown; and failing to hold the hearing within the prescribed time does not deprive the administrative agency of jurisdiction.

## CONCLUSION

Having sustained the Department's point of error, we reverse the judgment of the trial court and reinstate the suspension of Salas's license.

---

3. Section 524.032(a) provides, in relevant part: "A hearing requested ... shall be held before the effective date of the suspension." *Id.* § 524.032(a).

4. Section 524.021 provides: "(a) A driver's license suspension under this chapter takes effect on the 40th day after the date the person: (1) receives a notice of suspension...." *Id.* § 524.032(a).