No. 04-97-00433-CV



TEXAS DEPARTMENT OF PUBLIC SAFETY,


Appellant



v.



Daniel Albert JUAREZ,


Appellee



From the County Court at Law No. 7, Bexar County, Texas


Trial Court No. 234609


Honorable Bill C. White, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: December 30, 1998


REVERSED AND REMANDED


 The Texas Department of Public Safety appeals the trial court's judgment setting aside the
administrative suspension of Daniel Albert Juarez's driver's license. We reverse the judgment and
remand the case for further proceedings.

Factual and Procedural Background


 On August 22, 1996, Juarez was arrested for driving while intoxicated and served with
notification of suspension of his driver's license. At Juarez's request, an administrative hearing to
contest the license suspension was set for September 26, 1996--thirty-five days after the notice was
served. However, no administrative law judge from the State Office of Administrative Hearings was
able to hear the case on September 26. Therefore, on September 19, 1996, the administrative law
judge reset the hearing on her own motion for October 11, 1996--fifty days after notice was served.
At the October 11 hearing, Juarez objected to the hearing as untimely. The ALJ overruled the
objection and sustained the suspension. Juarez appealed, contending the administrative hearing was
not timely and there was no evidence of probable cause for the August 22 stop. The county court
ruled the hearing was not timely held and set aside the administrative suspension of Juarez's license.
DPS appeals.

Discussion


 DPS argues the trial court erred in setting aside the suspension. We agree.

 Suspension of a license for driving while intoxicated takes effect forty days after the notice
of suspension is received by the driver. Tex. Transp. Code Ann. § 524.021 (a) (Vernon Pamph.
1997). If the driver requests a hearing on the suspension, "[t]he hearing shall be held before the
effective date of the suspension." Tex. Transp. Code Ann. § 524.032(a). As this court recently held,
the language of section 524.032(a) is merely directory, not mandatory; therefore, a hearing may be
held beyond the forty-day requirement if good cause is shown. Texas Dep't of Pub. Safety v. Vela,
No. 04-97-00206-CV, 1998 WL 412457, at *2-*3 (Tex. App.--San Antonio July 22, 1998, no pet.).
Good cause includes the unavailability of an administrative law judge to hear the case. Id. at *3.

 Juarez's hearing, originally scheduled within the forty-day period, was reset outside the
forty-day period because no administrative law judges were available to hear the case on that date.
Therefore, as in Vela, we hold good cause was shown for holding the hearing outside the forty-day
period, reverse the lower court's order, and remand the case to the trial court to address whether
substantial evidence supported the ALJ's decision to suspend Juarez's license. See id.


 Sarah B. Duncan, Justice

DO NOT PUBLISH




Return to
4th Court of Appeals Opinions