**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Bobby DEAR, Appellee.**

**No. 03–98–00503–CV.**

Court of Appeals of Texas, Austin.

Aug. 12, 1999.

Kevin M. Givens, Texas Dept. of Public Safety, Supervising Atty., ALR Appeals, Austin, Timothy M. Flathers, Midland, for Appellant.

Galen A. Moeller, San Angelo, for Appellee.

Before Justices JONES, B.A. SMITH and YEAKEL.

J. WOODFIN JONES, Justice.

Appellant Texas Department of Public Safety ("Department") appeals from a summary judgment reversing an administrative suspension of appellee Bobby Dear's driver's license. An administrative law judge ("ALJ") had previously upheld the suspension based on Dear's refusal to submit to a breath test after being stopped for driving while intoxicated. On appeal to the County Court at Law No. 2 of Tom Green County, Dear moved for summary judgment on the ground that he was not given an administrative hearing within 40 days of the notice of his license suspension. The trial court granted Dear's motion and "reversed and vacated" the ALJ's decision, reinstating Dear's license. The Department perfected this appeal from the summary judgment. We will reverse the county court's judgment and remand the cause to that court.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are undisputed. On November 8, 1997, at approximately 12:14 a.m., Tom Green County Sheriff's Deputy Danny Nunez observed Dear driving in an erratic manner and failing to maintain a single marked lane. When Nu-

nez signaled Dear to pull his car over, Dear continued to travel several blocks before complying. When Nunez conversed with Dear, he noticed that Dear smelled of alcohol, slurred his speech, had bloodshot eyes, and swayed when he stood. Nunez conducted several field sobriety tests, which Dear either failed or refused to perform. Based upon these observations, Nunez arrested Dear for driving while intoxicated, provided him with his statutorily required warning, and requested that he perform an intoxilyzer breath test. When Dear refused to perform the breath test, Nunez immediately served him with a notice of suspension of his driver's license pursuant to the Texas Transportation Code. *See* Tex. Transp. Code Ann. (hereinafter "Code") §§ 724.031–.035 (West 1999) (suspension or denial of license on refusal of specimen).

On November 14, Dear timely requested an administrative hearing on the license suspension. *See* Code § 724.041 (if timely requested, hearing shall be held by State Office of Administrative Hearings ("SOAH")). On December 8, the Department filed a notice of hearing, setting the hearing for January 6, 1998. However, since SOAH schedules its own dockets and is available for hearings in San Angelo only on the second and fourth Tuesdays of each month, the hearing was rescheduled for the second Tuesday of January (January 13, 1998), the 66th day after Dear received notice of suspension.

At the hearing on January 13, 1998, Dear requested, as a preliminary matter, that the proceeding be dismissed on the ground that the hearing was being held beyond the required period of 40 days from the suspension notice. *See* Code §§ 724.041(b), 724.035(d).[1] The ALJ denied Dear's request and made the following finding: "[T]he Court finds and concludes that there were no available dockets

that could possibly be made available to the parties, prior to the fortieth day after the date the notice of suspension was served on Defendant." The ALJ then heard evidence on the Department's petition for suspension and upheld the suspension of Dear's license. Dear appealed the ALJ's decision to the county court at law. To perfect his appeal, Dear filed in the county court at law a pleading styled "Appeal Petition and Motion to Dismiss for Want of Jurisdiction"; the sole basis of his appeal was the failure to hold a hearing within 40 days of the suspension notice. Before the trial court had ruled on his motion to dismiss, Dear filed a motion for summary judgment the sole basis of which was, again, the alleged failure to timely conduct the hearing before the ALJ. The motion asked the court to decree that the ALJ's decision was "null and void" or, alternatively, that the ALJ was without jurisdiction to hold the administrative hearing, thus making the ALJ's decision "null and void." The county court at law signed an order styled "Final Summary Judgment" purporting to grant Dear's motion for summary judgment; this order decreed that the administrative decision was "reversed and vacated."

## DISCUSSION

◼ The Department appeals the trial court's judgment, arguing *inter alia* that an ALJ's decision is not invalid solely because a hearing regarding an administrative license suspension is not held within forty days of notice of suspension. Whether a violation of that provision can result in a complete dismissal of a cause of action is a question of law, requiring a *de novo* review. *See In re Humphreys,* 880 S.W.2d 402, 404 (Tex.1994).

This Court has recently addressed similar issues in *Texas Department of Public Safety v. Guerra,* 970 S.W.2d 645 (Tex.

---

1. Section 724.041(b) provides: "A hearing shall be held ... before the effective date of the notice of suspension or denial." Code § 724.041(b). Section 724.035(d) provides:

"A suspension or denial takes effect on the 40th day after the date on which the person: (1) receives notice of suspension or denial...." *Id.* § 724.035(d).

App.—Austin 1998, pet. denied), and *Texas Department of Public Safety v. Salas*, 977 S.W.2d 845 (Tex.App.—Austin 1998, no pet.). In *Guerra*, we held that the interplay between sections 524.032(a) and 524.021 [2] implied a legislative intent to require administrative hearings on license revocations invoked by *failed breath tests* to be held within 40 days of the notice of suspension. 970 S.W.2d at 648. We further held, however, that such a requirement was merely directory, rather than mandatory, recognizing the scheduling constraints the Department faces in coordinating its hearings with SOAH and noting that "it would be unreasonable to punish the Department for acts that are not within its control." *Id.* at 649.

In *Salas*, we extended these holdings to the parallel sections of the Code dealing with license suspensions due to *refusal to perform breath tests*. *See* 977 S.W.2d at 847; *see also* Code §§ 724.041(b), 724.035(d). We stated that "failure to hold a hearing within forty days does not deprive the agency of jurisdiction." 977 S.W.2d at 847. There, a motorist was arrested for driving while intoxicated, but refused to render a breath specimen for analysis and was accordingly served with notice of license suspension. The motorist requested a hearing, which was held 46 days later. As in *Guerra*, we held that the Department's failure to hold a hearing within 40 days of the date that the motorist was served with notice of suspension did not deprive the agency of jurisdiction. *Id.*

At least one other court of appeals has held likewise. *See Texas Dep't of Pub. Safety v. Vela*, 980 S.W.2d 672, 674 (Tex. App.—San Antonio 1998, no pet.).

▮ Dear contends that although we held the 40–day requirement to be merely directory in *Guerra*, we also burdened the Department with an affirmative duty to show "good cause" before it could avail itself of the directory nature of the provision—and that without such showing, any proceedings are void for lack of jurisdiction. *See Guerra*, 970 S.W.2d at 650 ("If the Department holds a hearing outside the 40 day time limit, it must show good cause for doing so."). We disagree with Dear's contention. Such an interpretation runs contrary to the inherent nature of directory provisions. A directory provision is, by definition, one "the observance of which is not necessary to the validity of the proceeding." *Gayle v. Alexander*, 75 S.W.2d 706, 708 (Tex.Civ.App.—Waco 1934, no writ) (election could not be rendered void solely by participation of unqualified election officers), cited with approval in *State v. Fox*, 133 S.W.2d 987, 991 (Tex.Civ.App.—Austin 1939, writ ref'd) (provisions regulating duty of county tax collectors to make monthly reports and remittances of state taxes to comptroller within prescribed time held directory, with no consequence suffered by county tax collector for noncompliance). A plethora of cases so hold. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 311 (Tex.1976) (provision regulating 45–day period for Savings and Loan Commissioner to render decisions held to be directory, the failure of which "will not, of itself, invalidate the Commissioner's order"); *City of Uvalde v. Burney*, 145 S.W. 311, 312 (Tex.Civ.App.—San Antonio 1912) (by failing to meet statutory time period to fix salaries of city officers, city council was not "thereby ... robbed of its vigor and power ... to do later what it should have done earlier" where statute was held to be merely directory; failure to meet statutory prescriptions regarding time or mode of action does not generally nullify such proceedings); *Nash v. Civil Serv. Comm'n, Palestine*, 864 S.W.2d 163, 166 (Tex.App.—Tyler 1993, no writ) (requirement that commission hold hearing and render deci-

---

**2.** Section 524.032(a) provides, in relevant part: "A hearing requested ... shall be held before the effective date of the suspension." Code § 524.032(a). Section 524.021 provides: "(a) A driver's license suspension under this chapter takes effect on the 40th day after the date the person: (1) receives a notice of suspension...." *Id.* § 524.021.

sion within thirty days of receipt of the notice of appeal does not deprive court of jurisdiction to hear case outside of this period); *Kessler v. Texas Employers' Ins. Ass'n,* 421 S.W.2d 133, 136 (Tex.Civ.App.— Eastland 1967, writ ref'd n.r.e.) (judgments are "not void when rendered in violation of statutory provision which is merely directory . . . or for purely procedural irregularity") (citing *Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66 (1920)); *Texas Dep't of Pub. Safety v. Dawson,* 360 S.W.2d 860, 862 (Tex.Civ.App.—Dallas 1962, no writ) (Safety Responsibility Law specifying Department of Public Transportation to suspend driver's license within sixty days of receipt of report of accident held directory on the basis that it was "not the legislative intent to deny the benefits of the Act to the citizens of the State merely because the Department might fail to act within the . . . period in question"); *McKee v. State,* 318 S.W.2d 113, 116–117 (Tex.Civ. App.—Amarillo 1958, writ ref'd n.r.e.) (statutory provision requiring hearing of forfeiture of motor vehicle used in contraband to be held within 30 days of owner's filing of verified answer held to be directory and thus did not invalidate trial court proceedings). If the legal consequence of failing to comply with a directory provision were the same as that for failing to comply with a mandatory provision, there would be no meaningful distinction between the two. *See Honts v. Shaw,* 975 S.W.2d 816, 823–24 (Tex.App.—Austin 1998, no pet.).

The fundamental rule in statutory construction is to determine and give effect to the legislature's intent. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998); *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956). When, as in this case, the statute is silent about consequences of noncompliance, we look to the statute's purpose in determining the proper consequence of noncompliance. *Hines v. Hash,* 843 S.W.2d 464, 468 (Tex.1992). Laws subjecting intoxicated motorists to suspensions of driving licenses are intended to remove dangerous drivers from roadways to protect both themselves and other motorists. This Court has found that statutes such as the directory provision prescribing the time in which an administrative hearing on such suspension will be held are "designed to promote the 'proper, orderly, and prompt conduct of business.'" *Guerra,* 970 S.W.2d at 650 (citing *Lewis,* 540 S.W.2d at 310). In *Dawson,* the court noted that since the purpose behind suspension of licenses under the Safety Responsibility Act was to "encourage safer use of motor vehicles on the streets and highways of Texas and to deny the privilege of driving to reckless [drivers]," it was appropriate to suspend the license of a motorist who had violated the Act, regardless of the Department's failure to comply with the Act's 60–day provision for serving notice of suspension. 360 S.W.2d at 862; *see also Chisholm,* 287 S.W.2d at 945; *Uvalde,* 145 S.W. at 312; *Fox,* 133 S.W.2d at 990. In *Fox,* this Court observed:

> Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but *not in the time* or in the precise mode indicated, it will *still be sufficient,* if that which is done accomplishes the substantial purpose of the statute.

133 S.W.2d at 990 (quoting Sutherland on Statutory Construction § 611, at 1114) (emphasis added). In the same decision, this Court referenced the general rule concerning the duties of public officials regarding statutes specifying time limits for performing certain acts:

> Provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory. Though a statute directs a thing to be done at a particular time, *it does not necessarily follow that*

*it may not be done afterwards.* In other words, as the cases universally hold, a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer.

*Id.* (quoting Sutherland, *supra,* § 612 at 1117) (emphasis added); *see also Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 961–62 (Tex.1999) (even *mandatory* provisions do not necessarily require compliance for court to have jurisdiction).

With respect to the present case, it is inescapable that a violation of the 40–day provision does not invalidate the suspension, at least in the absence of a clear showing of bad faith by the Department. No such showing was made or attempted here. Under the present circumstances, whatever consequences can be visited upon the state for failing to satisfy the directory provision of conducting an administrative hearing within 40 days of the suspension notice, an adverse summary judgment is not one of them.[3]

## CONCLUSION

Because we conclude that the Department's departure from the directory provision requiring an administrative hearing within 40 days of notice of license suspension is not jurisdictional and does not, under the present facts, give rise to any inference of bad faith by the Department, we sustain the Department's point of error and reverse the county court's judgment; we remand the cause to the county court at law for further proceedings.

**3.** We note some apparent confusion in the trial court about whether the defect alleged by Dear was jurisdictional or non-jurisdictional. The distinction does not affect the outcome of this appeal. Whether the trial court intended to "vacate" the ALJ's decision (indicating a jurisdictional defect) or "reverse" the decision (indicating a ruling on the merits), its ruling was in error. Either way, therefore, we must reverse the court's judgment and remand the cause for further proceedings.