Reversed and Rendered and Opinion filed July 11, 2002









Reversed and Rendered and Opinion filed July 11, 2002.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00538-CV

____________

 

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

 

V.

 

ROBERT NEAL SWEENY, Appellee

 



 

On Appeal from the County Court at Law No.
3 and Probate Court

Brazoria County, Texas

Trial Court Cause No. 27,367B

 



 

O P I N I O N

Texas Department of Public Safety (DPS) appeals the trial
court=s order reversing an Administrative
Law Judge=s (ALJ) decision sustaining DPS=s suspension of Robert Neal Sweeny=s driver=s license.  We reverse the County Court at Law=s judgment and affirm the ALJ=s order.

FACTUAL AND PROCEDURAL BACKGROUND








On August 17, 2000, at 11:50 p.m., DPS Officer Rex Walker
observed Sweeny=s truck weaving from side to side, swerving across the lane
divider, failing to drive within a single lane, and almost colliding with
another vehicle.  Officer Walker stopped
Sweeny=s truck and asked Sweeny to get
out.  Sweeny was unsteady on his feet,
had glassy eyes, and slurred speech. 
Officer Walker also detected a strong odor of alcohol.  Officer Walker administered, and Sweeny
failed, the horizontal gaze nystagmus, the one-leg
stand, and the walk and turn tests.  Once
transported to the Brazoria County Jail, Sweeny was read the appropriate
statutory warnings[1]
and asked to submit a specimen of his breath. 
He refused.  

Sweeny was arrested for driving while intoxicated.  He timely requested a hearing to contest the
suspension of his driver=s license.  The hearing
was held on October 9, 2000, over fifty days after Sweeny received notice of
his suspension.  Before the hearing,
Sweeny filed a motion to dismiss, alleging the State Office of Administrative
Hearings (SOAH) was required to hold a hearing within forty days of the date he
received notice of his suspension.  See
Tex. Transp. Code Ann. '' 724.035(d), 724.041(b) (Vernon 1999).[2]  The ALJ overruled Sweeny=s motion and authorized suspension of
his license.  Sweeny appealed to the
County Court at Law, which reversed the ALJ=s decision, and this appeal
ensued.  

ISSUES FOR APPEAL








DPS asserts three issues on appeal: the court below erred in
(1) dismissing the license suspension; (2) requiring DPS to show good cause in
order to hold a hearing outside the forty-day period; and (3) holding the
forty-day requirement is mandatory and Sweeny=s substantial rights were harmed as a
result of the error.  The crucial issue
on appeal is whether the forty-day statutory time period set forth in Chapter
724 is mandatory.  We hold that violation
of the forty-day requirement does not invalidate a license suspension, absent a
clear showing of bad faith on the part of DPS. 


This is a question of law subject to de novo review.  In re Humphreys, 880
S.W.2d 402, 404 (Tex. 1994); Texas Dep=t of Public Safety v.
Dear, 999 S.W.2d 148, 150 (Tex. App.CAustin 1999, no pet.).  A driver=s license suspension under the Texas
Transportation Code takes effect on the fortieth day after the date the person
receives notice of license suspension.  Tex. Transp. Code Ann. '' 524.021(a), 724.035(d) (Vernon 1999).  The Transportation Code provides that, once a
hearing is requested, the hearing shall be held before the effective date of
the suspension.  Id.
'' 524.032(a), 724.041(b) (Vernon
1999).  This language suggests
that, when a hearing is requested, the hearing must take place within forty
days of a licensee=s receipt of the notice of suspension.  Sweeny argues that this a mandatory
time period within which DPS must commence a hearing.  DPS contends that the Transportation Code,
when considered in its entirety and in conjunction with the Texas
Administrative Code, does not contemplate a mandatory forty-day rule.

In Texas Department of Public Safety v. Guerra, the
Austin Court of Appeals addressed this issue and resolved it in favor of
DPS.  970 S.W.2d 645 (Tex. App.CAustin 1998, pet. denied). 
Although the Transportation Code does not specifically provide that a
hearing must be held within forty days of notice of suspension, the Guerra court
agreed that the interplay between sections 524.021 and 524.032(a) suggests that
such a requirement was the probable intent of the Legislature.[3]  Guerra, 970 S.W.2d
at 648.  However, the court,
following the Texas Supreme Court=s instructions for interpreting
whether a statute is mandatory or directory, determined that the forty-day rule
created by the two sections is merely directory.  See id. at 648B50 (citing Chisholm v. Bewley Mills, 155 Tex. 400, 287 S.W.2d 943
(1956)).  We agree.








In Chisholm, the Texas Supreme Court stated that:

[i]n determining whether the administrative agency
intended the provision to be mandatory or merely directory, consideration
should be given to the entire act, its nature and object, and the consequences
that would follow from each construction. 
Provisions which are not of the essence of the thing to be done, but
which are included for the purpose of promoting the proper, orderly, and prompt
conduct of business, are not generally regarded as mandatory.  If the statute directs, authorizes or
commands an act to be done within a certain time, the absence of words
restraining the doing thereof afterwards or stating the consequences of failure
to act within the time specified, may be considered as a circumstance tending
to support a directory construction.

155 Tex. 400, 287 S.W.2d at 945.  

In following the Texas Supreme Court=s directive, the Guerra court
noted that some provisions in Chapter 524 of the Transportation Code suggest
that suspension hearings may be held later than forty days after notice of
suspension.  970 S.W.2d
at 648 (citing Chisholm, 287 S.W.2d at 945).  Both the licensee and DPS are permitted to
reschedule a hearing, and nothing in the Transportation Code requires the
rescheduled hearing to be held in the forty-day time period.  Id. (citing Tex. Transp. Code Ann. '' 524.032(b), (c), 524.039).  In fact, the Transportation Code provides
that a license suspension is stayed until the date of a final decision by the
administrative law judge.  Tex. Transp. Code Ann. '' 524.032(d), 524.037, 724.041(c) (Vernon 1999).  Such provisions would be unnecessary if the
forty-day rule were mandatory. 








Next, the Guerra court recognized that pursuant to
section 524.033 of the Transportation Code, all hearings are required to be
heard by an ALJ employed by SOAH. 
Guerra, 970 S.W.2d at 649.  Therefore, DPS is subject to another agency=s timetable, and it is plausible that
calculation and scheduling problems could arise through no fault of DPS.  Id. 
Holding the forty-day rule mandatory under these circumstances would
unreasonably punish DPS and allow a licensee to take advantage of a mistake
that may have been caused by his own inadvertence.  Id. (discussing Texas Dep=t of Public Safety v. Meredith, 753 S.W.2d 191 (Tex. App.CDallas 1988, no writ); Balios
v. Texas Dep=t of Public Safety, 733 S.W.2d 308 (Tex. App.CAmarillo 1987, writ ref=d)). 


The Guerra court further noted the Legislature=s failure to attach a consequence
when a hearing is held outside the forty-day period, observing that the Aabsence of words stating the
consequences of a failure to act within the time specified@ supports a conclusion that a statute
is directory.  Id.  (quoting Chisholm,
287 S.W.2d at 945).  The Legislature
could have easily implemented consequences for noncompliance if it had intended
a mandatory forty-day requirement. 
Finally, the Guerra court pointed out that the
Transportation Code provides safeguards for licensees.  Id. at 649.  For example, a suspension is stayed until the
ALJ renders a final decision or until ninety days after an appeal is filed with
the county court.  Id. (citing Tex. Transp. Code Ann. '' 524.032(d), 524.042). 

For these reasons, we hold the forty-day provision is
directory.  See id.; Balkum v. Texas Dep=t of Public Safety, 33 S.W.3d 263, 268 (Tex. App.CEl Paso 2000, no pet.) (holding that failure to hold hearing
within forty days did not deprive ALJ of jurisdiction to conduct the hearing
nor did it deprive DPS of jurisdiction to suspend the license); Dear,
999 S.W.2d at 153 (holding that provisions requiring administrative hearings on
license suspensions to be held within forty days of notice of suspension are
directory); Texas Dep=t of Public Safety v. Vela, 980 S.W.2d 672, 674 (Tex. App.CSan Antonio 1998, no pet.) (holding
that provisions requiring administrative hearings on license suspensions to be
held within forty days of notice of suspension are not mandatory).  In Texas Department of Public Safety v. Repschleger, this Court stated in dicta that failure to
set a hearing within the time period results in DPS=s forfeiture of the right to suspend
a defendant=s license.  951 S.W.2d 932, 935 (Tex. App.CHouston [14th Dist.] 1997, no writ).  We are no longer persuaded this obiter dictum
in Repschleger is an accurate statement of the
law.  








Following the reasoning in Dear, we further hold that
failure to hold the hearing within forty days does not deprive the
administrative agency of jurisdiction absent a clear showing of bad faith on
the part of DPS.  999 S.W.2d
at 152B53.  Sweeny made no showing of bad faith at the
administrative hearing, or on appeal to the County Court at Law.  Accordingly, we sustain DPS=s points of error. 

CONCLUSION

On appeal to the County Court at Law, Sweeny also argued in
his petition that he was not intoxicated and the DPS officer did not have
probable cause to stop him.  Later he
told the trial court that there was only one issue before the court: the
forty-day rule.  At oral argument, Sweeny
conceded that his probable cause argument had been waived for purposes of this
appeal.  Therefore, we will not address
it.  We reverse the County Court at Law=s judgment and affirm the ALJ=s order authorizing suspension of
Sweeny=s driver=s license.

 

/s/        John S.
Anderson

Justice

 

Judgment rendered and Opinion filed July 11, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Publish C Tex.
R. App. P. 47.3(b).

 











[1]  These warnings
include notice that refusal to provide a blood or breath specimen will trigger
automatic suspension of that person=s driver=s license.  See
Tex. Trans. Code Ann. ' 724.015(2) (Vernon 1999).





[2]  A hearing shall
be held before the effective date of the notice of suspension.  Tex. Transp. Code Ann. ' 724.041(b).  A suspension takes effect on the fortieth day
after the date on which the person received notice of suspension or is
considered to have received notice of suspension.  Id.
' 724.035(d).  If the DPS officer does not serve notice at
the time of the refusal, notice is considered received on the fifth day after
the date it is mailed.  Id. ' 724.033(b).





[3]  Sections
524.021 and 524.032(a) are part of Chapter 524 of the Transportation Code,
entitled AAdministrative Suspension of Driver=s License for Failure to Pass Test For
Intoxication.@  These two
sections essentially duplicate sections 724.035(d) and 724.041(b),
respectively, which are part of Transportation Code
Chapter 724, entitled AImplied Consent.@