Wesley Harold Ellis v. State












 



IN THE
TENTH COURT OF APPEALS
 

No. 10-03-288-CR
 
     WESLEY HAROLD ELLIS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # F36221
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Wesley Harold Ellis pled guilty to two counts of tampering with a governmental record. 
Pursuant to a plea bargain, the court sentenced him to eight years’ imprisonment and a $500 fine
on both counts, suspended imposition of sentence, and placed him on community supervision for
eight years. Ellis timely filed a notice of appeal.
      The trial court’s certification regarding Ellis’s right of appeal states, “[T]he defendant has
waived the right of appeal.” Rule of Appellate Procedure 25.2(d) provides in pertinent part, “The
appeal must be dismissed if a certification that shows the defendant has the right of appeal has not
been made a part of the record under these rules.” Tex. R. App. P. 25.2(d).
      The trial court’s certification affirmatively shows that Ellis has no right of appeal. 
Accordingly, we dismiss the appeal. Id.; see Walker v. State, 110 S.W.3d 509, 511 (Tex.
App.—Waco 2003, no pet.).

                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother


 (Sitting by Assignment)
Appeal dismissed
Opinion delivered and filed December 10, 2003
Do not publish
[CR25]



non Supp. 2002). Barlow timely
requested a hearing to challenge the suspension of his driver’s license. Id. at § 724.041 (Vernon
Supp. 2002). The hearing was conducted on the 49th day after the notice of suspension. At the
hearing, Barlow objected to the suspension because the hearing was held more than 40 days from
the notice date of the suspension. The ALJ upheld the suspension of Barlow’s license. Barlow
appealed the ALJ’s decision to the reviewing court, which reversed the suspension based on DPS’s
violation of the 40-day rule. Id. at §§ 724.047, 524.041 (Vernon Supp. 2002).
The Forty Day ProvisionSection 724.041(b) of the Transportation Code provides: “A hearing shall be held...before
the effective date of the notice of suspension or denial.” Tex. Transp. Code Ann. § 724.041(b)
(Vernon Supp. 2002). Further, a suspension or denial takes effect on the fortieth day after which
the person receives notice of the suspension or denial. See id. at § 724.035(c) (Vernon Supp.
2002). Several Texas courts have held that failure to hold a hearing within the forty (40) days is
not fatal. See Balkum v. Texas Dep't of Pub. Safety, 33 S.W.3d 263, 267-68 (Tex. App.—El Paso
2000, no pet.); Texas Dep’t of Pub. Safety v. Dear, 999 S.W.2d 148, 153 (Tex. App.—Austin
1999, no pet.); Texas Dep't of Pub. Safety v. Guerra, 970 S.W.2d 645, 649-50 (Tex.
App.—Austin 1998, pet. denied). In Guerra, the Austin court held that, although chapter 524
requires that the administrative hearing be held within forty days, this requirement is "directory"
and not "mandatory." See Guerra, 970 S.W.2d at 648-49. The same result has also been reached
in cases under chapter 724 of the Transportation Code


 which pertains to driver's license
suspensions for failure to give a breath sample. See Balkum, 33 S.W.3d at 267-68; Dear, 999
S.W.2d at 153; Texas Dep't of Pub. Safety v. Salas, 977 S.W.2d 845 (Tex. App.—Austin 1998,
no pet.).
      The legislature has set forth specific requirements for driver’s license suspension hearings
under chapter 724. For example, a person must request a hearing “not later than the 15th day
after the date on which the person receives notice of suspension.” Tex. Transp. Code Ann. §
724.041(a) (Vernon Supp. 2002). A hearing also “shall be held not earlier than the 11th day after
the date the person is notified.” Id. at § 724.041(b) (Vernon Supp. 2002). Further, a person
requesting a hearing may obtain only one continuance, unless a person shows a medical condition,
in which event an additional continuance may be granted for a period not to exceed 10 days. See
id. at §§ 724.041(g) and 524.032(c) (Vernon Supp. 2002). Finally, the legislature provided that
“a request for a hearing stays the suspension or denial until the date of the final decision of the
administrative law judge.” Id. at § 724.041(c) (Vernon Supp. 2002).
      A directory provision is, by definition, one “the observance of which is not necessary to the
validity of the proceeding.” Dear, 999 S.W.2d at 151 (citations omitted). Although we believe
the legislature intended for hearings under chapter 724 to be held without undue delay, we agree
with the Austin Court that the scheduling of the final hearing may be beyond DPS’s control. Id. 
Moreover, "it would be unreasonable to punish the Department for acts that are not within its
control." Guerra, 970 S.W.2d at 649. We can ascertain no reason under the statutory scheme,
absent proof of bad faith on the part of DPS, to invalidate suspension because the hearing was not
conducted within forty days. Thus, we join the other appellate courts in finding the forty-day
provision directive in nature, rather than mandatory. See Dear, 999 S.W.2d at 151.
      Citing Guerra, Barlow argues that the ALJ lacked jurisdiction because DPS failed in its
affirmative duty to provide “good cause” for the delay beyond the forty days. We disagree. The
Court in Guerra held that if the hearing occurs after forty days, DPS must show "good cause" if
it contributed to the delay. Id. at 650. The San Antonio court agreed. See Texas Dep't of Pub.
Safety v. Vela, 980 S.W.2d 672, 674 (Tex. App.—San Antonio 1998, no pet.). The Austin Court
later clarified its decision in Guerra by stating that it did not hold that DPS faced invalidation of
a license suspension if it failed to make a “good cause” showing. See Dear, 999 S.W.2d at 151;
see also Balkum, 33 S.W.3d at 268. The court reasoned that placing the burden on DPS to
establish good cause, or else face invalidation of a license suspension, runs counter to the well
established rule that violation of a “directory” provision does not deprive the agency of
jurisdiction to act. See Dear, 999 S.W.2d at 151-52. “If the legal consequence of failing to
comply with a directory provision was the same as that for failing to comply with a mandatory
provision, there would be no meaningful distinction between the two.” Id at 152. In determining
the effect of non-compliance, the court considered that laws subjecting intoxicated motorists to
suspension of driving licenses are intended to remove dangerous drivers from roadways to protect
both themselves and other motorists, and the purpose of the forty-day requirement is to promote
the proper, orderly, and prompt conduct of business. See id. Given these purposes, we agree that
because of the directive nature of the forty-day provision, a driver seeking to invalidate a license
suspension must establish “bad faith” on the part of DPS. Id. at 153; Balkum, 33 S.W.3d at 268.
      We also agree that there may be a penalty, i.e., the invalidation of the suspension, if there is
a showing of “bad faith” by DPS that resulted in the hearing being held after the forty-day period. 
See Dear, 999 S.W.2d at 153. In the present case, however, we find no such evidence of bad
faith. Here, as in Vela, the delay in conducting Barlow’s hearing was not the fault of DPS. Id. 
As a “remote site” for hearings of this nature, the Brazos County courthouse conducted these
hearings only on each Wednesday during the week. The ALJ explained that the delay resulted
from the courthouse being closed on the consecutive Wednesdays of December 24, 1998
(Christmas Eve), and December 31, 1998 (New Year’s Eve). DPS did not contribute to these
delays.



      Because we conclude that the Department's departure from the directory provision requiring
an administrative hearing within 40 days of notice of license suspension is not jurisdictional and
does not, under the present facts, give rise to any inference of bad faith by DPS, we sustain the
DPS's point of error and reverse the judgment of the county court at law; we remand the cause
to the county court at law for further proceedings.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and remanded
Opinion delivered and filed January 30, 2002
Do not publish
[CV06]