**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Steve Grant WARD, Appellee.**

**No. 08–04–00106–CV.**

Court of Appeals of Texas,
El Paso.

Aug. 25, 2005.

Rene S. Lial, ALR Appeals, Austin, for appellant.

Gary A. Reeves, El Paso, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

The Texas Department of Public Safety appeals a judgment reversing the suspension of Steve Ward's driver's license. Following a hearing, the license was suspended by the State Office of Administrative Hearings pursuant to Texas Transportation Code, Section 724.031 *et seq.* Tex. Transp.Code Ann. §§ 724.031–724.048 (Vernon 1999). Ward successfully appealed to county court on the basis that the Department lacked authority to suspend his license because the hearing was held more than forty days after he was served with the notice of suspension in violation of statutory provisions. We reverse and render.

## FACTUAL SUMMARY

Ward was arrested for driving while intoxicated on September 26, 2003 and refused to provide a breath sample. At the time of the offense, he was served with notice that his license would be suspended. *See* Tex.Transp.Code Ann. § 724.035. By statute, a suspension takes effect on the fortieth day after the person receives notice. Tex.Transp.Code Ann. § 724.035(c)(Vernon Supp.2004–05). Ward properly requested a hearing. *See* Tex. Transp.Code Ann. § 724.041(a). Section 724.041(b) provides that the hearing shall take place before the effective date of the suspension. Tex.Transp.Code Ann. § 724.041(b). Reading these passages together leads us to conclude that the Legislature intended for the hearing to be conducted within forty days of Ward's arrest, i.e. by November 5.

The Department acknowledges that the hearing was not held within this time frame; it was conducted on November 19, 2003, fifty-four days after Ward's arrest. Following the hearing, the hearing officer authorized the Department to suspend Ward's license. Ward then appealed to county court, arguing that the action should have been dismissed since the Department failed to timely hold the hearing. The trial court agreed, finding that the Department failed to show good cause as to why the hearing was not held timely.

## GOOD CAUSE OR BAD FAITH?

■ In Point of Error Two, the Department complains that the trial court required an affirmative showing of good cause to justify the untimely hearing. We review the Department's contention *de novo*. *Texas Dept. of Public Safety v. Dear*, 999 S.W.2d 148, 150 (Tex.App.-Austin 1999, no pet.).

■ The forty-day requirement is directory rather than mandatory, and failure to hold the hearing within that time period does not deprive the Department of jurisdiction. *See Texas Dept. of Public Safety v. Salas*, 977 S.W.2d 845, 847 (Tex.App.-Austin 1998, no pet.); *Texas Dept. of Public Safety v. Guerra*, 970 S.W.2d 645, 648–49 (Tex.App.-Austin 1998, pet. denied); *Texas Dept. of Public Safety v. Vela*, 980 S.W.2d 672, 674 (Tex.App.-San Antonio 1998, no pet.); *Balkum v. Texas Dept. of Public Safety*, 33 S.W.3d 263, 268 (Tex. App.-El Paso 2000, no pet.). The Austin Court of Appeals has examined what penalty may be visited upon the Department for failure to hold the hearing within the requisite period. *Dear*, 999 S.W.2d at 151–53. In determining the effect of noncompliance, the court considered that laws subjecting intoxicated motorists to suspension of driving licenses are intended to

remove dangerous drivers from roadways to protect both themselves and other motorists. The purpose of the forty-day requirement is to promote the proper, orderly, and prompt conduct of business. *Dear*, 999 S.W.2d at 152. Given these purposes, the court determined that violation of the forty-day provision did not invalidate the suspension absent a clear showing of bad faith by the Department. *Id.* at 152–53. Rather than requiring the Department to show good cause, the court concluded that a driver seeking to invalidate a license suspension must establish bad faith on the part of the Department. *Dear*, 999 S.W.2d at 152–53. Placing the burden on the Department to establish good cause effectively requires it to demonstrate jurisdiction, which runs counter to the well-established rule that violation of a directory provision does not deprive the agency of jurisdiction to act. *See Dear*, 999 S.W.2d at 151–52.

Ward concedes that the trial court below did not make a finding of bad faith on the part of the Department but argues that he nevertheless demonstrated bad faith. First, he complains that he received less than twenty-four hours notice of the hearing since the notice was sent to the wrong address. He received notice only because of his persistent calls seeking a hearing date. He next argues that the Department did not comply with his discovery request until the morning of the hearing. Finally, he contends the Department made no effort to schedule the hearing within the statutory time period even though it had ample opportunity to do so.

When Ward complained about the lack of notice and requested documentation, the hearing officer offered him a continuance in order to adequately prepare his case. But Ward did not want a continuance. He then complained that the Department had ample opportunity to schedule the hearing and failed to do so. The Department responded that it did not have a copy of the October docket to determine whether the hearing could have been scheduled. It noted the limited number of slots available and the fact there was only one administrative judge in El Paso. In overruling Ward's request for dismissal, the administrative judge explained that hearings are conducted only once per month in El Paso and are often juggled to accommodate her schedule.

We must conclude that Ward failed to establish bad faith on the part of the Department. We sustain Point of Error Two. As this issue is dispositive of the appeal, we need not address the remaining points of error. The judgment of the trial court is reversed and rendered.