

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 22, 2013

The Honorable Richard R. Hicks III
Caldwell County Criminal District Attorney
Caldwell County Courthouse
Post Office Box 869
Lockhart, Texas 78644

Opinion No. GA-1001

Re: Whether a commissioners court may change the designated day of the week it convenes during the current fiscal year under section 81.005 of the Local Government Code
(RQ-1095-GA)

Dear Mr. Hicks:

You ask whether a county commissioners court may "set the day of the week to convene during the current fiscal year if it has already picked the day to convene at the last meeting of the previous fiscal year."[1] You indicate that Caldwell County's fiscal year runs from October 1 through September 30. Request Letter at 2, n.1. You tell us that, at the fiscal year's final meeting of the Caldwell County Commissioners Court ("court"), the county commissioners voted "to designate Monday as the day of the week it shall convene in a regular term during the [next] fiscal year, as required by section 81.005 of the Local Government Code." *Id.* at 2. You also tell us that the county judge was absent from the meeting and, at the first meeting of the court in the new fiscal year, he asked the court to reconsider the matter and designate Tuesday as the day of the week that the court would convene its regular term. *Id.* You inform us that the court's legal counsel advised that, under section 81.005, the court could not designate a different day from the one it had chosen at the last meeting of the fiscal year. *See id.* With these facts, you first ask:

> Does a commissioners court abuse its discretion by designating the day of the week it shall convene in a regular term during the current fiscal year if, at its last meeting of the previous fiscal year, it already designated a different day of the week on which it shall convene in a regular term during the next fiscal year in compliance with section 81.005 of the Local Government Code?

Request Letter at 1.

---

[1]Letter from Honorable Richard R. Hicks III, Caldwell Cnty. Crim. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 24, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Subsection 81.005(a) of the Local Government Code requires that, "[a]t the last regular term of each fiscal year of the county, the commissioners court by order shall designate a day of the week on which the court shall convene in a regular term each month during the next fiscal year." Tex. Loc. Gov't Code Ann. § 81.005(a) (West 2008); *see Lipari v. State*, 19 Willson. 431, 433–34 (Tex. Ct. App. 1885) (discussing a "term" of a commissioners court). Within the same section, subsection (h) provides that "[t]he commissioners court may designate a day of the week on which the court shall convene in a regular term each month other than the day of the week designated under Subsection (a)." Tex. Loc. Gov't Code Ann. § 81.005(h) (West 2008). By its plain language, subsection 81.005(h) allows for a change in the designated day. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011) ("We ordinarily construe a statute so as to give effect to the Legislature's intent as expressed in its plain language."). Thus, a commissioners court may change the day of the week on which it shall convene in a regular term each month during a county's current fiscal year.

You also ask whether the commissioners court could have, at the last term of the fiscal year, "tabled the matter until a new term of the court during the next fiscal year, and remained in compliance with section 81.005 of the [Local] Government Code[.]"[2] Subsection 81.005(a) requires a commissioners court to designate a day as specified, and a commissioners court that fails to do so does not comply with the terms of the subsection. Tex. Loc. Gov't Code Ann. § 81.005(a) (West 2008). Even subsection 81.005(h), which authorizes a change in the designated day, presumes the commissioners court has previously designated a day of the week under subsection (a). *See id.* § 81.005(h) (granting authority to designate a day "other than the day of the week designated under Subsection (a)"). We thus conclude that a commissioners court cannot table the matter until a new term and remain in compliance with subsection 81.005(a).

Noncompliance with subsection 81.005(a) does not necessarily invalidate the court's action, however. According to the Texas Supreme Court, while the term "shall" is usually mandatory, there are instances when it is only directory. *Chisholm v. Bewley Mills*, 287 S.W.2d 943, 945 (Tex. 1956); Tex. Gov't Code Ann. § 311.016(2) (West 2005) (providing that "shall" imposes a duty unless context necessarily requires a different construction). Texas courts generally construe a statute that does not declare the consequences of a failure to comply as directory. *See, e.g., Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001). Further, the absence of words restraining the performance of the act after the time limit suggests the timing provision is usually directory. *Id.* Finally, this office has previously observed that "[s]tatutes prescribing the time for performance of a duty by a public officer are generally held to be directory rather than mandatory, even though the statute uses the word 'shall.'" Tex. Att'y Gen. Op. No. JM-397 (1985) at 2.

The requirement to select the day of the week on which to meet is a requirement that regulates the conduct of public officers. Nowhere in section 81.005 is there a constraint on

---

[2]Letter from Honorable Richard R. Hicks III, Caldwell Cnty. Crim. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 25, 2012), http://www.texasattorneygeneral.gov/opin (on file with the Op. Comm.).

setting the day after the time limit established in subsection (a). *See* TEX. LOC. GOV'T CODE ANN. § 81.005 (West 2008). As noted previously, subsection 81.005(h) expressly allows a commissioners court to set another day. *Id.* § 81.005(h). In addition, section 81.005 does not contain any consequences for a commissioners court's failure to comply with the time limit in subsection (a). *See id.* § 81.005(a)–(h). When considered under these principles, and in the absence of any evidence the Legislature intended it to be mandatory, subsection (a) should be construed as directory with respect to the timing of the commissioners court order.

"[P]articular provisions may be regarded as directory merely; by which is meant that they are to be considered as giving directions which ought to be followed, but not as so limiting the power in respect to which the directions are given that it cannot effectually be exercised without observing them." *Murray v. State*, 21 Tex. Ct. App. 466, 477, 1 S.W. 522, 524 (1886); *see also Tex. Dep't of Pub. Safety v. Dear*, 999 S.W.2d 148, 151 (Tex. App.—Austin 1999, no pet.) ("A directory provision is, by definition, one 'the observance of which is not necessary to the validity of the proceeding.'" (citation omitted)). A duty set out in a directory statute may be performed after the time prescribed for the performance has passed. *See Markowsky v. Newman*, 136 S.W.2d 808, 812 (Tex. 1940) ("[I]t does not necessarily follow that a thing which a statute directs to be done at a particular time may not be done afterwards."); Tex. Att'y Gen. Op. No. JM-397 (1985) at 2. Given the directory nature of subsection 81.005(a)'s timing component and the fact that subsection 81.005(h) authorizes a change to the designated day after the time specified in subsection (a), it is unlikely that a reviewing court would invalidate a commissioners court order, tabled from the prior fiscal year, that designates a new day in the current fiscal year. *See Comm'rs Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (recognizing that the supervisory power of a district court over a commissioners court can be invoked only when the commissioners court acts beyond its jurisdiction or abuses its discretion).

## S U M M A R Y

Pursuant to subsection 81.005(h) of the Local Government Code, a county commissioners court may change the designated day of the week it convenes during the county's current fiscal year.

A county commissioners court that tables the designation of the regular meeting day until the next fiscal year is not in compliance with subsection 81.005(a) of the Local Government Code. It is however unlikely that a reviewing court would invalidate such an order.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee